UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NAJAE JORDAN, et al.,            )
                                 )
        Plaintiffs,              )
                                 )
v.                               )      Case No. 4:21CV1242 HEA
                                 )
WESLEY BELL, et al.,             )
                                 )
        Defendants.              )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Groves and Lakebrink's Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5), [Doc. No. 42]. Plaintiffs oppose the Motion and have filed a memorandum in opposition to the motion. Defendants have filed a reply. For the reasons set forth below, the Motion will be granted.

### Facts and Background

Plaintiffs filed their Petition in the Circuit Court for St. Louis County, Missouri on August 11, 2021.  Plaintiffs' Petition contains eight counts. As to Defendants Groves and Lakebrink, Plaintiffs' Petition asserts claims under 42 U.S.C. § 1983 for alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution, a claim for conspiracy to violate Plaintiffs' Constitutional rights under 42 U.S.C. § 1985, and claims for abuse of process and

malicious prosecution under state law.

Plaintiffs' claims stem from an incident that occurred on August 11, 2016. On August 12, 2021, the Circuit Court issued a clerk note that no summons would be issued since Plaintiffs did not submit service fees or a special process server form with their Petition. On September 16, 2021, Plaintiffs filed a request for special process server wherein Plaintiffs requested that the Circuit Court issue summonses for Defendants Wesley Bell, the City of Bellefontaine Neighbors, and the Village of Riverview. Plaintiffs did not request that the Circuit Court issue summonses for any of the other Defendants. Plaintiffs subsequently served Defendants Wesley Bell, the City of Bellefontaine Neighbors, and the Village of Riverview, and on October 15, 2021, Defendants Wesley Bell and Christopher Graville filed their Notice of Removal, with the consent of the City of Bellefontaine Neighbors and the Village of Riverview. In the Notice of Removal, Defendants Bell and Graville noted that neither Defendant Groves nor Defendant Lakebrink had been served with process or had received the pleadings.

After removal, Plaintiffs did not request the issuance of summonses for Defendants Groves and Lakebrink from this Court until February 1, 2023, just shy of eighteen (18) months after Plaintiffs filed their Petition in the Circuit Court.

Plaintiffs served Defendants Groves and Lakebrink with the summonses on

February 9, 2023. Defendants now move to dismiss this action against them for failure to properly effectuate service on them.

## Discussion

Pursuant to Fed. R. Civ. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "'Under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice.' *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996). To warrant a discretionary extension, the plaintiff must establish excusable neglect. *See Colasante v. Wells Fargo Corp.,* 81 Fed.Appx. 611, 613 (8th Cir.2003) (per curiam) (unpublished) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir.2002))." *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010).

The Court may extend the time for service for an appropriate time period for good cause shown. *Id*. "In determining whether good cause exists, the district court must focus primarily 'on the plaintiff's reasons for not complying with the time limit in the first place.'" *Kurka*, 628 F.3d at 958 (quoting *Boley v. Kaymark*, 123

F.3d 756, 758 (3d Cir. 1997)). "In determining whether good cause exists, the district court must focus primarily 'on the plaintiff's reasons for not complying with the time limit in the first place.' *Boley v. Kaymark,* 123 F.3d 756, 758 (3d Cir.1997) (quotations omitted)." <u>Kurka</u> , 628 F.3d at 958.

It had been almost 18 months after this case was filed before Defendants even attempt to explain why service was not obtained prior to February. Nor have they explained how they arrived at the assumption that the Village of Riverview was going to accept service on behalf of Defendants Groves and Lakebrink. Indeed, Plaintiffs apparently did nothing in regard to these defendants even after the Village of Riverview filed its answer to the Petition on November 1, 2021. The record is completely devoid of any attempts by Plaintiff to verify their belief even though the Village has been actively participating in this action. Plaintiffs raise this belief for the first time in response to the Motion to Dismiss. In short, Plaintiffs have failed to show that they have attempted service in good faith, and that there is a reasonable basis for their noncompliance with the service deadline. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Therefore, the Court finds Plaintiffs have failed to show good cause to retroactively extend the service deadline of Fed. R. Civ. P. 4(m).

Nor have Plaintiffs demonstrated excusable neglect to persuade the Court to exercise its discretion in allowing the late service. Excusable neglect as "an 'elastic

concept' that empowers courts to" provide relief where a party's failure to meet a deadline is "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices,* 600 F.3d 934, 946 (8th Cir.2010) (reviewing excusable neglect under Fed.R.Civ.P. 6(b)) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.*

"In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *See Pioneer Inv. Servs. Co.,* 507 U.S. at 395, 113 S.Ct. 1489; *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.,* 496 F.3d 863, 866 (8th Cir.2007) (citation omitted)." <u>Kurka</u> 628 F.3d at 959.

Plaintiffs again supply no basis for their belief that the Village of Riverview would accept service on behalf of these defendants. Incredibly, Plaintiffs waited until almost 18 months after filing of the Petition to even attempt to argue they

have sufficiently brought these defendants into this litigation on a belief without any confirmation whatsoever by the Village.

Likewise, Plaintiffs' attempt to argue the Court may exercise jurisdiction over unserved defendants because they probably knew about the litigation through newspaper articles and possible internal discussions of the suit in the police department fails to even recognize the importance of the rules of procedure and the reasons for their enactment. Were a plaintiff able to forego service of process because a defendant has knowledge of the lawsuit, the Federal Rules of Civil Procedure would no longer serve their purpose.

Defendants argue that dismissal of these defendants should be with prejudice on statute of limitations grounds. This argument, however, is premature. Rule 12(b)(5) clearly states the dismissal is without prejudice. In the event Defendants are subsequently added to this suit, the Court will entertain a separate motion on limitations grounds if and when Defendants file such a motion.

### Conclusion

Plaintiffs have failed to establish good cause or excusable neglect for failing to serve Defendants Groves and Lakebrink within 90 days from the removal of this action. As such, the Motion to Dismiss is well taken.

Accordingly,

6

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 42], is **granted**.

**IT IS FURTHER ORDERED** that Defendants Groves and Lakebrink are dismissed, without prejudice.

Dated this 1st day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE