IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| NAJAE JORDAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:21-CV-1242 HEA |
| | ) |
| WESLEY BELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

| | |
|---|---|
| NAJAE JORDAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:24-CV-844 HEA |
| | ) |
| JASON LEE GROVES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

In these consolidated cases, *Jordan, et al. v. Groves, et al.*, Case No. 4:24-CV-884 HEA ("*Groves*") and *Jordan, et al. v. Bell, et al.*, Case No. 4:21-CV-1242 HEA ("*Bell*"), this matter is before the Court on Defendants Jason Groves's and Jeffrey Lakebrink's Joint Motion to Dismiss, which was filed in *Groves* before the cases were consolidated. [*Groves* Dkt., Doc. No. 9]. After the cases were consolidated and *Groves* was administratively closed, the motion was docketed in *Bell*. [*Bell* Dkt., Doc. No. 101]. Plaintiffs Najae Jordan and Deja Holland

oppose the motion, which is fully briefed and ripe for review. For the reasons set forth below, the motion will be denied.

## I. Facts and Background

**A. The *Bell* Lawsuit**

On August 11, 2021, Plaintiffs filed a civil rights Petition in state court against Defendants Wesley Bell; the City of Bellefontaine Neighbors (the "City"); the Village of Riverview (the "Village"); Police Officers Jason Groves, Jeffrey Lakebrink, and Michael Pedroli; and City Attorney Christopher Graville. [*Bell* Dkt., Doc. No. 1-1]. According to the Petition, Defendants Groves, Lakebrink, and Pedroli violated Plaintiffs' constitutional rights when they wrongfully detained, searched, arrested on August 11, 2016, and subsequently charged Plaintiffs with multiple municipal violations. [*Id.* at 4-13]. Plaintiffs' cases proceeded to trial on December 11, 2019, and on December 13, 2019, the jury returned verdicts of not guilty on all counts. [*Id.* at 13]. In the *Bell* Petition, Plaintiffs asserted civil rights claims under 42 U.S.C. §§ 1983 and 1985, as well as state law claims for abuse of process and malicious prosecution. [*Id.* at 13-37].

On August 12, 2021, the state court issued a clerk note that no summons would be issued because Plaintiffs did not submit service fees or a special process server form with their Petition. [*Bell* Dkt., Doc. 1-4 at 1]. On September 16, 2021, Plaintiffs filed a request for special process server, asking the state court to issue summonses

2

for Defendants Bell, the City, and the Village, but Plaintiffs did not request summonses for the remaining individual Defendants. [*Id.* at 1, 71]. Defendants Bell, the City, and the Village were subsequently served. [*Id.* at 1].

On October 15, 2021, Defendants Bell and Graville filed a Notice of Removal with the consent of the City, the Village, and Pedroli. [*Bell* Dkt., Doc. 1]. In the Notice of Removal, Defendants Bell and Graville noted that Defendants Groves and Lakebrink had not been served with process. [*Id.* at 3]. In this Court, Plaintiffs did not request summonses for Defendants Groves and Lakebrink until February 1, 2023, which was nearly 18 months after Plaintiffs filed their Petition in state court. [*Bell* Dkt., Doc. 29]. Defendants Groves and Lakebrink were served on February 9, 2023. [*Bell* Dkt., Docs. 38, 39].

Defendants Groves and Lakebrink moved to dismiss the claims against them for failure to properly effectuate service under Federal Rule of Civil Procedure 12(b)(5). [*Bell* Dkt., Doc. 42]. Finding that Plaintiffs had failed to establish good cause or excusable neglect, the Court granted the motion to dismiss and dismissed Defendants Groves and Lakebrink from the *Bell* action without prejudice on January 1, 2024. [*Bell* Dkt., Doc. 50].

**B.     The *Groves* Lawsuit**

On June 18, 2024, Plaintiffs filed a complaint in this District against Defendants Groves and Lakebrink, alleging essentially the same claims that they

3

alleged against the two defendants in the *Bell* lawsuit. [*Groves* Dkt., Doc. 1]. In the Original Filing Form, Plaintiffs indicated that *Groves* was the same or substantially similar to *Bell*. [*Groves* Dkt., Doc. 1-3].

In July 2024, Plaintiffs moved to consolidate *Bell* and *Groves*. [*Bell* Dkt., Doc. 55; *Groves* Dkt., Doc. 14]. After careful review of the parties' briefs and the record in both cases, the Court found that the cases involved common issues of law and fact, and the cases were consolidated. [*Bell* Dkt., Doc. 67; *Groves* Dkt., Doc. 18].

The matter is now before the Court on Defendants Groves's and Lakebrink's Joint Motion to Dismiss. [*Groves* Dkt., Doc. 9; *Bell* Dkt., Doc. 101]. They argue that the *Groves* Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it is duplicative of the claims Plaintiffs brought against them in *Bell*. [*Groves* Dkt., Doc. 10 at 3-4]. Alternatively, Defendants Groves and Lakebrink contend that Plaintiffs' claims against them are barred by the applicable statutes of limitations. [*Id.* at 4-6]. Finally, Defendants Groves and Lakebrink argue that, because the *Groves* Complaint does not specify whether Plaintiffs are suing them in their official or individual capacities, Plaintiffs' §§ 1983 and 1985 claims against them should be construed as official-capacity claims. [*Id.* at 6-7]. Because an official-capacity claim against a public employee is merely a claim against a public employer, Defendants Groves and Lakebrink argue that the official-capacity claims against them are actually claims against the Village. [*Id.*]. As such, they contend, the

4

§§ 1983 and 1985 claims brought against them in their official capacities in *Groves* should be dismissed as duplicative of the §§ 1983 and 1985 claims against the Village in *Bell*. [*Id.*].

Plaintiffs oppose the motion. [*Groves* Dkt., Doc. 13]. They argue that the claims against Defendants Groves and Lakebrink in *Groves* are not duplicative of the claims brought against them in *Bell* because, while Plaintiffs sued Defendants Groves and Lakebrink in their official capacities in *Bell*, Plaintiffs are suing Defendants Groves and Lakebrink in their individual capacities in *Groves*. [*Groves* Dkt., Doc. 13]. Plaintiffs also contend that their claims in *Groves* are timely due to Missouri's savings statute, Mo. Rev. Stat. § 516.230, which allows the refiling of an action within one year after a claim has been dismissed without prejudice, so long as the original action was filed within the relevant statute of limitations period. [*Bell* Dkt., Doc. 87].

In their reply, Defendants Groves and Lakebrink acknowledge that Plaintiffs filed their underlying Petition in state court within the applicable statutes of limitations. [*Bell* Dkt., Doc. 104 at 1]. They contend, however, that Missouri's savings statute does not apply to Plaintiffs' § 1983, § 1985, and abuse of process claims because those claims are not specifically enumerated in Missouri's statutes of limitations, Mo. Rev. Stat. §§ 516.010 to 516.370. [*Id.* at 3-5]. Defendants Groves and Lakebrink also argue that after the 90-day period to timely serve them expired

5

in *Bell*, the tolling ending, and the applicable statutes of limitations resumed. [*Id.* at 1-3]. As a result, they assert, the claims reasserted against them in *Groves* are time-barred regardless of whether Missouri's savings statute applies. [*Id.* at 2-3].

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The complaint must allege sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 at 235-236 (3d ed. 2004)). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

6

### III. Discussion

**A.   Whether the Claims in *Groves* Are Duplicative**

"[T]he rule against duplicative litigation seeks to promote judicial economy and to protect parties from vexatious and duplicative litigation over the same subject matter." *Kezhaya v. City of Belle Plaine, Minn.*, 78 F.4th 1045, 1050 (8th Cir. 2023) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000)). "[T]he rule against duplicative litigation permits the dismissal of a duplicative action while the first action remains pending." *Id.* (citing *Curtis*, 226 F.3d at 138, 140). "The analysis considers whether the parties to the actions are the same and whether the claims arise from the same nucleus of operative fact." *Id.* (citing *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021)).

Here, Defendants Groves and Lakebrink were dismissed from the *Bell* action without prejudice on January 1, 2024. [*Bell* Dkt., Doc. 50 at 7]. Because the parties to the *Groves* action are not the same as the parties to the *Bell* action, the rule against duplicative litigation does not apply. *See Kezhaya*, 78 F.4th at 1050.

As to Defendants Groves's and Lakebrink's argument that, because the *Groves* Complaint does not specify whether Plaintiffs are suing them in their official or individual capacities, the Court should construe Plaintiffs' §§ 1983 and 1985 claims as official-capacity claims that are actually claims against the Village, their argument is foreclosed by a recent en banc decision in which the Eighth Circuit

7

overturned its "clear statement rule" and adopted the "course of proceedings" test for determining whether a § 1983 defendant is being sued in his individual or official capacity. *S.A.A. v. Geisler*, 127 F.4th 1133, 1138 (8th Cir. 2025). In its decision, the Eighth Circuit offered a non-exhaustive list of factors that courts must consider as part of the course of proceedings test, including how early the plaintiff indicates they intend to pursue individual capacity claims and whether the plaintiff seeks punitive damages. *Id.* at 1139-40.

Here, Plaintiffs stated that they are seeking punitive damages in the *Groves* Complaint, [*Groves* Dkt., Doc. 1 at 31], and in their Memorandum in Response to the Joint Motion to Dismiss, Plaintiffs specified that they are suing Defendants Groves and Lakebrink in their individual capacities, [*Groves* Dkt., Doc. 13 at 1-2]. Considering these factors, the Court finds that Plaintiffs intend to sue Defendants Groves and Lakebrink in their individual capacities in the *Groves* action. *See Geisler*, 127 F.4th at 1139-40. Thus, the Court will not dismiss the §§ 1983 and 1985 claims in *Groves* as duplicative.

**B.     Whether Plaintiffs' Claims in *Grove* Are Time-Barred**

The Missouri five-year personal injury statute of limitations applies to claims brought pursuant to 42 U.S.C. §§ 1983 and 1985. *See Chandler v. Presiding Judge, Callaway Cnty.*, 838 F.2d 977, 978-79 (8th Cir. 1988) (Missouri's personal injury statute of limitations, Mo. Rev. Stat. § 516.120, applies to § 1983 claims); *Kaster v.*

8

*State of Iowa*, 975 F.2d 1381, 1382 (8th Cir. 1992) (personal injury statute of limitations applies to § 1985 claims). Missouri's five-year statute of limitations applies to abuse of process claims. *Corley v. Jacobs*, 820 S.W.2d 668, 672 (Mo. Ct. App. 1991) (explaining that "[a]n action for abuse of process comes within the general statute of limitations applicable to 'injuries done to the person,'" and in Missouri, "this provision is found in Section 516.120(2) RSMo 1986," the predecessor to § 516.120(4)).

"Borrowing Missouri's statute of limitations also requires borrowing Missouri's tolling statutes," *Chandler*, 838 F.2d at 979 (citing *Chardon v. Fumero Soto*, 462 U.S. 650, 657 (1983)), "and operation of these tolling rules is 'governed by state law,'" *id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)). The Missouri savings statute provides that "[i]f any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, . . . such plaintiff may commence a new action . . . within one year after such nonsuit suffered. . . ." Mo. Rev. Stat. § 516.230.

"Missouri no longer requires due diligence in serving a party to save a claim from being time barred by limitations." *In re Estate of Klaas*, 8 S.W.3d 906, 908 (2000) (citing *Ostermueller v. Potter*, 868 S.W.2d 110, 111 (Mo. banc 1993); and *Keys v. Nigro*, 913 S.W.2d 947, 949 (Mo. Ct. App. 1996)). "Diligence is not a factor in determining when an action is commenced, nor is it necessary to invoke the

9

savings statute. . . ." *Id.* at 908-09 (citing *Keys*, 913 S.W.2d at 949-50). "A civil action is commenced by filing a petition with the court." *Ostermueller*, 868 S.W.2d at 111 (citing Mo. Sup. Ct. R. 53.01).

Here, Defendants Groves and Lakebrink acknowledge that Plaintiffs filed their original Petition in state court within the applicable statutes of limitations, and they do not dispute that Plaintiffs filed the *Groves* Complaint within one year of the nonsuit. [*Bell* Dkt., Doc. 104 at 1]. Relying on *Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866 (8th Cir. 2005), however, Defendants Groves and Lakebrink argue that Missouri's savings statute does not apply to Plaintiffs' § 1983, § 1985, and abuse of process claims because they are not specifically enumerated in Missouri's statutes of limitations. Defendants' reliance on *Luney* is misplaced.

In *Luney*, the court stated that the plaintiff's argument that she should be permitted to refile her cause of action under Mo. Rev. Stat. § 516.230 failed "because the Missouri Savings Statute only applies to actions prescribed in sections 516.010 to 516.370 of the Missouri Revised Statutes. Her actions, filed under Title VII, were not contained within those provisions." *Luney*, 432 F.3d at 867-868. While the language in *Luney* is not inconsistent with Defendants' argument, the better interpretation "is that the savings clause does not apply because a claim under Title VII does not 'borrow' the limitations periods prescribed in sections 516.010 to 516.370 of the Missouri Revised Statutes." *See Hubler v. Nevada R-5 Sch. Dist.*, No.

10

06-5088-CV-SW-DW, 2007 WL 9717834, at *1 (W.D. Mo. Mar. 30, 2007). "This reading is consistent with the *Luney* holding and is in harmony with the text of the savings statute itself." *Id.* "By its own terms, the Missouri Savings Statute describes its scope as applying to any action commenced within the *times* prescribed in §§ 516.010 to 516.370, not the *actions* prescribed therein." *Id.* The Court finds the reasoning in *Hubler* persuasive, and Defendants Groves's and Lakebrink's attempt to distinguish it is not convincing. Indeed, they specifically cite Mo. Rev. Stat. § 516.120 multiple times in their argument that the claims in the *Groves* Complaint are time-barred by the applicable statutes of limitations. [*Groves* Dkt., Doc. 10 at 4-6].

Because Plaintiffs' §§ 1983 and 1985 claims borrow Missouri's statute of limitations, *Chandler*, 838 F.2d at 978-79 (explaining that the five-year statute of limitations found in Mo. Rev. Stat. § 516.120 applies to § 1983 claims); *Kaster*, 975 F.2d at 1382 (personal injury statute applies to § 1985 claims), they also borrow Missouri's savings clause, *see Chandler*, 838 F.2d at 979 ("Borrowing Missouri's statute of limitations also requires borrowing Missouri's tolling statutes."), which is found in Mo. Rev. Stat. § 516.230, *see* Mo. Rev. Stat. § 516.230 (applying to any action "commenced within the times respectively prescribed in sections 516.010 to 516.370"). *But see Charron v. Conley*, No. 4:07CV627 CEJ, 2008 WL 3200798, at

11

*3 (E.D. Mo. Aug. 6, 2008) (finding, without support, that § 516.230 does not apply to suits brought under § 1983).

Because abuse of process is a state law claim, it already has its own Missouri statute of limitations, and it is the same personal injury statute of limitations found in § 516.120. *See State ex rel. BP Prods. N. Am. Inc. v. Ross*, 163 S.W.3d 922, 927 (Mo. banc 2005) (explaining that unlike § 516.140, which "expressly lists the claims to which it applies," "the catchall provision of section 516.120(4) prescribes a five-year statute of limitations for 'any other injury to the person or rights of others, not arising on contract and not herein otherwise enumerated'" (quoting Mo. Rev. Stat. § 516.120(4))). While "abuse of process" is not referenced by name in § 516.120, Plaintiffs' "abuse of process [claims] come[] within the general statute of limitations applicable to 'injuries done to the person,'" *see Corley*, 820 S.W.2d at 672 (citing Am. Jur. 2d. ABUSE OF PROCESS, § 24 (1962)), which is "found in Section 516.120(2) RSMo 1986," *see id.* (citing the predecessor to Mo. Rev. Stat. § 516.120(4) (2024)), their abuse of process claims also fall within the scope of Missouri's savings statute, *see* Mo. Rev. Stat. §§ 516.120(4) (general statute of limitations for personal injury claims), 516.230 (applying to any action "commenced within the times respectively prescribed in sections 516.010 to 516.370").

Defendants Groves and Lakebrink also argue that, even if Missouri's savings clause applies, after Plaintiffs failed to timely serve them in *Bell* within the 90-day

12

period required by Federal Rule of Civil Procedure 4(m), the tolling ending, and the applicable statutes of limitations resumed. Thus, they contend that the claims reasserted against them in *Groves* are time-barred regardless of whether the savings statute applies. The Court disagrees.

Plaintiffs' failure to timely serve Defendants in *Bell* does not prevent Plaintiffs from invoking Missouri's savings statute in *Groves* because "Missouri no longer requires due diligence in serving a party to save a claim from being time barred by limitations." *See In re Estate of Klaas*, 8 S.W.3d at 908. Accordingly, because Plaintiffs timely commenced the action in state court within the applicable statutes of limitations by filing the original Petition on August 11, 2021, and "refiled within the savings statute's one-year limitation period, the [*Groves* Complaint] is not barred by the statute of limitations." *See Ostermueller*, 868 S.W.2d at 111; Mo. Rev. Stat. § 516.230.

### IV.    Conclusion

Because the Court finds that the rule against duplicative litigation does not apply and that the *Groves* Complaint was timely filed, the Court will deny Defendants Groves's and Lakebrink's Joint Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss, [*Groves* Dkt., Doc. 9; *Bell* Dkt., Doc. 101], is **DENIED**.

13

Dated this 31st day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE